WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| RES-AZ One, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>Andrew J. McAdams, et al.,<br><br>    Defendants. | No. CV-16-02392-PHX-SPL<br><br>**ORDER** |

Before the Court are the parties' motions to dismiss and to stay. (Docs. 15, 87, 95, 96.) The motions are fully briefed and will be addressed in turn.

In 2007, Columbian Bank and Trust Company issued a loan to 8th & Camelback, LLC in the amount of $6,300,000, which was personally guaranteed by Andrew J. McAdams. 8th & Camelback, LLC defaulted on the loan, and sometime thereafter, interest in the loan was assigned to Plaintiff's RES-AZ One, LLC. RES-AZ filed a lawsuit to enforce the loan in the Maricopa County Superior Court, No. CV2010-027542. The default judgment was entered against McAdams and his co-defendants on July 14, 2011 for the outstanding balance - approximately $10 million dollars. The judgment was not satisfied.

In 2013, McAdams filed for Chapter 7 bankruptcy in the District of Arizona, No. 2:13-bk-15294-MCW. RES-AZ initiated an adversary action against McAdams, No. 2:14-ap-00211-MCW, seeking to prevent him from discharging his debts, including the state court judgment. In 2014, McAdams stipulated to a waiver of discharge, and in 2015,

the Bankruptcy Court entered an order approving a settlement agreement. In lieu of discharge, McAdams and several other parties agreed to monthly installment payments for the outstanding debt. The adversary proceeding was dismissed, and the stay in the bankruptcy action was lifted. Several months later however, RES-AZ alleges that the monthly payments ceased.

On July 18, 2016, RES-AZ filed a Verified Complaint (Doc. 1) commencing the instant action against McAdams and his family members Cassandra Parker McAdams, Elizabeth McAdams, and Tina McAdams; his accountant Douglas Epley; his attorney, Marvin Jones; his former business partner Babak Motamedi; an employee of one of McAdams's business entities, Tudor Cora; each individual's fictitiously named spouse; and business enterprises which McAdams is alleged to having varying degrees of involvement, including VC Dynamics, Inc., VC Solutions, LLC, CAP Partners, LLC, Conversion Genie, Inc., AJM Capital, LLC, Marvquin, LLC, AJM Development, LLC, Preferred Market Holdings Limited, Rosecrest Global, Rosecrest Investments Limited, Set Sail Global Limited, US Refiloans, LLC, Energy Reduction Center, Inc., Random Software Group, LLC, and RSG Hosting, Inc.

In the complaint, RES-AZ alleges that Defendants engaged in a conspiracy "to transfer, conceal, and otherwise hide McAdams' assets for the purpose of ensuring that such assets would not be available to his creditors as part of his bankruptcy or to RES-AZ individually to satisfy the undisputed judgment." (Doc. 1 at 3.) RES-AZ brings claims against Defendants for: violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") (Count I); conspiracy to violate RICO (Count II); "unlawful activity" in violation of Ariz. Rev. Stat. § 13-2301 *et seq*. (Count III); "civil conspiracy" (Count IV); "common law fraud" (Count V); "aiding and abetting and conspiring to commit fraud" (Count VI); violations of the Arizona Uniform Fraudulent Transfer Act ("AUFTA"), Ariz. Rev. Stat. § 44-1001 (Count VII); and "conspiracy to commit fraudulent transfer" (Count VIII).

First, Defendants have filed motions to dismiss the complaint pursuant to Rule

12(b)(6) of the Federal Rules of Civil Procedure. (Docs. 15, 87, 96.)

Marvin Jones argues in his motion to dismiss that: (1) the complaint fails to allege sufficient facts to state a claim for violations under RICO, including (a) the predicate acts committed by Jones, (b) the requisite conduct by Jones, (c) that Jones was involved in an enterprise, and (d) that RES-AZ sustained an injury caused by Jones; (2) the complaint fails to allege specific facts to state a claim of fraud under Rule 9(b); (3) the complaint fails to allege sufficient facts to state a claim for civil conspiracy; and (4) the complaint fails to allege sufficient facts to state a claim for fraudulent transfer. (Doc. 15.)[1]

Marvquin, LLC and Rosecrest Investments Limited argue in their motion to dismiss that: (1) the complaint fails to meet the federal pleading requirements under Rule 8 and 9(b); (2) the complaint fails to allege sufficient facts to state a claim against them for violations under RICO, including (a) the requisite control over the alleged enterprise by Marvquin, LLC and Rosecrest Investments Limited, and (b) that Marvquin or Rosecrest were involved in a "pattern" of illegal activity; (3) the complaint fails to allege sufficient specific facts of fraud; (4) the complaint fails to allege facts sufficient to support the claim for civil conspiracy; and (5) the complaint fails to allege facts sufficient to support the claim for aiding and abetting and conspiring to commit fraud; (6) the complaint fails to allege facts sufficient to support the claim for violations of AUFTA; and (7) the complaint fails to allege facts sufficient to support the claim for conspiracy to commit fraudulent transfer.

Babak & Jane Doe Motamedi argue in their motion to dismiss that the complaint: (1) fails to meet the federal pleading requirements under Rule 8 and 9(b); (2) fails to allege facts sufficient to state a federal civil RICO claim against them; (3) fails to allege facts sufficient to state a federal civil RICO conspiracy claim against them; (4) fails to

---

[1] Jones further requests in his motion that REZ-AZ be sanctioned pursuant to Rule 11 of the Federal Rules of Civil Procedure. The request is denied. Rule 11 sanctions are reserved "for the rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." *Operating Eng'rs Pension Trust v. A-C Co.*, 859 F.2d 1336, 1344 (9th Cir. 1988). Jones does not demonstrate that the circumstances demand such extraordinary relief.

allege facts sufficient to state a claim against them under Arizona's racketeering statute; (4) fails to allege facts sufficient to state a civil conspiracy claim against them; (5) fails to allege specific facts of fraud; (6) fails to allege facts sufficient to support the claim for aiding and abetting and conspiring to commit fraud; (7) fails to allege facts sufficient to support the claim for violations of AUFTA; and (8) fails to allege facts sufficient to support the claim for conspiracy to commit fraudulent transfer.

In response to each of Defendants' motions, RES-AZ asks for leave to amend the complaint to assert additional facts that would cure the deficiencies identified by Defendants. (Docs. 63, 92, 109.) Defendants have not sufficiently demonstrated why RES-AZ should not be permitted to do so. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (when dismissing a complaint for failure to state a claim, "a district court should grant leave to amend… unless it determines that the pleading could not possibly be cured by the allegation of other facts.") (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Further, although Defendants' arguments regarding the deficiencies in the complaint are well taken, the parties' filings prematurely attack the merits of the claims by attaching or referring to extraneous documents to support their positions. The Court declines to consider these documents; the present motions seek dismissal, not summary judgment. At this stage, "[i]f there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6). Plaintiff's complaint may be dismissed only when defendant's plausible alternative explanation is so convincing that plaintiff's explanation is implausible." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). While the Court finds that, as argued by Defendants, the complaint lacks sufficient and specific allegations, drawing reasonable inferences in favor of RES-AZ at this juncture, it cannot say that the claims are *implausible*. Therefore, the complaint will be dismissed with leave to amend.

Lastly, the parties have moved to stay this action and extend the response deadline. (Doc. 95.) As the requested period of stay has passed, the motion will be denied

as moot. A responsive deadline will be set forth below. Accordingly,

**IT IS ORDERED**:

1. That the Motions to Dismiss (Docs. 15, 87, 96) are **granted in part**;

2. That the Complaint (Doc. 1) is **dismissed with leave to amend**;

3. That Plaintiff shall have until **October 16, 2017** to file an Amended Complaint in accordance with this Order and in the manner set forth in Rule 15.1 of the Local Rules of Civil Procedure;[2]

4. That Plaintiff shall serve the Amended Complaint and a copy of this Order on *each Defendant named* in the Amended Complaint and file proof of service no later than **October 23, 2017**;[3]

5. That proof of service must be filed within **2 days** of accomplishing service of the Amended Complaint;

6. That the Motion to Stay (Doc. 95) is **denied as moot**;

7. That Defendants shall have **14 days** from the date of service of the Amended Complaint to file an answer or otherwise respond in accordance with Rule 12 of the Federal Rules of Civil Procedure; and

8. That Plaintiff is warned that failure to file an Amended Complaint or file proof of service as set forth in this Order may result in dismissal of parties or this action without further notice.

Dated this 29th day of September, 2017.

Honorable Steven P. Logan
United States District Judge

---

[2] This Order supersedes the Court's May 15, 2017 Order (Doc. 118) extending the amendment deadline.

[3] Plaintiff is advised that the entry of default judgment as to any one defendant does not survive the filing of an amended complaint and therefore, each defendant named in the amended complaint must be served.

5